UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Cherrity Honesty-Alexis Meranelli,<br><br>  Plaintiff,<br><br>v.<br><br>Eric Hylden and All Others Whose True Names Are Not Presently Known,<br><br>  Defendants. | Case No. 24-cv-2983 (JRT/DTS)<br><br>**ORDER AND<br>REPORT AND RECOMMENDATION** |

**IT IS HEREBY ORDERED:**

1. The application for *in forma pauperis* status of Plaintiff Cherrity Honesty-Alexis Meranelli, Docket No. 2, is **GRANTED**.[1]

2. Meranelli must submit a properly completed Marshal Service Form (Form USM-285) for Defendant Eric Hylden.  If Meranelli does not complete and return the Marshal Service Form within 30 days of this Order's date, the Court will recommend dismissing this matter without prejudice for failure to prosecute.  Marshal Service Forms will be provided to Meranelli by the Court.

3. The U.S. Marshals Service is directed to effect service of process on Defendant Eric Hylden—in his official capacity with the State of Minnesota—consistent with Rule 4(j) of the Federal Rules of Civil Procedure.

---

[1] The core claim in this lawsuit is that a Minnesota state-court judge is improperly refusing to allow Meranelli, a transgender female legally named Eric Michael Sorenson, to change her name.  *See* Verified Compl. for Decl. and Injunctive Relief 1–3, Docket No. 1 ("Complaint").  This Order uses Meranelli's preferred name and pronouns, without prejudice to the Court's consideration of the case's issues as it proceeds.

Furthermore, **IT IS HEREBY RECOMMENDED THAT**:

1. The Complaint's request for a "Temporary Restraining Order," Compl. 9, be **DENIED**. Under Federal Rule of Civil Procedure 65(b), a court may issue a temporary restraining order ("TRO) "without written or oral notice to the adverse party or its attorney only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." There is no indication that Meranelli has provided the sole named defendant "written or oral notice" of her TRO request. Additionally, while Meranelli has provided certain information in the Complaint, she has not clearly shown that a TRO is necessary to prevent "immediate and irreparable injury, loss, or damage," nor has she provided any information concerning attempts to give notice to the defendant.

2. Similarly, the Complaint's request for a "Preliminary Injunction," Compl. 9, should be **DENIED**. Under Federal Rule of Civil Procedure 65(a), a district court "may issue a preliminary injunction only on notice to the adverse party." There is no indication that the defendant has notice of Meranelli's request for a preliminary injunction.

Dated: September 10, 2024         ___s/David T. Schultz_____
                                  DAVID T. SCHULTZ
                                  U.S. Magistrate Judge