UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CHERRITY HONESTY-ALEXIS MERANELLI, *also known as*, Eric M. Sorenson, | Civil No. 24-2983 (JRT/DTS) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION |
| ERIC HYLDEN, *Judicial Officer of the Carlton County District Court, sued in his official capacity*; and ALL OTHERS WHOSE TRUE NAMES ARE NOT PRESENTLY KNOWN, | |
| Defendants. | |

Cherrity Honesty-Alexis Meranelli, also known as Eric M. Sorenson, 1111 Highway 73, Moose Lake, MN 55767, *pro se* Plaintiff.

Madeleine DeMeules, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1400, Saint Paul, MN 55101, for Defendant Eric Hylden.

In two different petitions in state court, Plaintiff Cherrity Meranelli tried to change her legal name to match her gender identity. The state court denied her first petition, and the Minnesota Court of Appeals dismissed her appeal on procedural grounds. The state court found her second petition frivolous and refused to allow her to proceed in forma pauperis. Meranelli did not appeal that second decision. Instead, she filed the instant action against the state court judge who found her second petition to be frivolous. But because this Court lacks jurisdiction to hear appeals of state court decisions, and

because the state court judge is entitled to sovereign immunity, the Court must dismiss this case without reaching the merits of whether the state court erred in declaring her name change petition frivolous.

**BACKGROUND**

**I.  FACTS**

Through multiple state court actions, Plaintiff Cherrity Honesty-Alexis Meranelli has attempted to change her legal name to conform with her gender identity.[1]  Meranelli first filed for a legal name change in 2021 by filing a petition in the District Court for Carlton County.  (Compl. ¶ 13, July 25, 2024, Docket No. 1.)  The Sherburne County Attorney's Office objected to the name change under Minn. Stat. § 259.13, subd. 2, out of concern that a name change would make it more difficult to connect Meranelli to her criminal records if she were released from civil commitment.  *See* Objection, Index # 11, *In re Application of Eric Sorenson for a Change Name* ("*Sorenson I*"), No. 09-CV-21-1309 (Carlton Cnty. Dist. Ct., filed July 27, 2021);[2] (Compl. ¶ 18.)  After conducting a Zoom hearing, the state court denied Meranelli's petition but opined that "[p]erhaps if

---

[1] In her pleadings, Meranelli makes clear that she now uses she/her pronouns and the name Meranelli.  Though the changing of her legal name is at the heart of this action, the Court uses her preferred pronouns and name in this Order without making any findings on the validity of the underlying state court actions.

[2] The Court takes judicial notice of the relevant state court proceedings in this matter. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)).  In her Complaint, Meranelli refers to these actions as *Sorenson I* and *Sorenson II*.  The Court will do the same.

Applicant can remain crime free for several more years this can be revisited." Order Denying Name Change, Index #25, *Sorenson I*; (Compl. ¶¶ 19–20.)[3] Though Meranelli appealed that decision to the Minnesota Court of Appeals, her appeal was dismissed on procedural grounds. *See* Appellate Court Order, Index #78, *Sorenson I*.

In 2023, Meranelli filed another name change application. *See In the Matter of the Application of Eric Michael Sorenson for a Change of Name* ("*Sorenson II*"), No. 09-CV-23-2123 (Carlton Cnty. Dist. Ct., filed Dec. 6, 2023); (Compl. ¶ 21.) This time, Judge Eric Hylden denied her application to proceed in forma pauperis as frivolous because her prior name change application had just been denied on the merits a year prior. *See* Order Denying Fee Waiver, Index # 11, *Sorenson II*. Meranelli did not pay the filing fee, so the matter was dismissed on May 14, 2024. *See* Dispositions, *Sorenson II*. Meranelli did not appeal any decision in *Sorenson II* directly to the Minnesota Court of Appeals.

## II.  PROCEDURAL HISTORY

Meranelli filed this action against Judge Eric Hylden and various unknown defendants. (*See* Compl.) Judge Hylden moved to dismiss. (Mot. Dismiss, Oct. 11, 2024, Docket No. 10.) Magistrate Judge David T. Schultz issued a report and recommendation ("R&R") recommending the Court dismiss Meranelli's claims based on the *Rooker-*

---

[3] Meranelli alleges Judge Eric Hylden conducted the hearing and denied the petition. However, the state court docket suggests Referee John Schulte and Judge Amy Lukasavitz presided over the matter. In follow up briefing, Meranelli admits this error but says it is irrelevant because she is suing Judge Hylden in his official capacity and thus is in effect suing the State of Minnesota.

*Feldman* doctrine and sovereign immunity. (R. & R. at 5–9, Mar. 10, 2025, Docket No. 44.) Meranelli timely objected to both dismissal grounds. (Obj. to R. & R., Apr. 17, 2025, Docket No. 45.)

## DISCUSSION

### I. STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). Sometimes courts review general and conclusory objections for clear error. *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). The Eighth Circuit instructs that clear error is appropriate when general and conclusory objections "make it difficult for the district court to focus upon the alleged errors if insufficiently directed by the parties." *Id.* Because Meranelli makes specific objections, the Court will conduct de novo review.

### II. ANALYSIS

Meranelli's claim must be dismissed on either of two independent grounds: the *Rooker-Feldman* doctrine, or sovereign immunity.

A.   *Rooker-Feldman* Doctrine

Because Meranelli's claim is, in essence, an attempt to seek judicial review of a state court decision in federal district court, the Court lacks jurisdiction to hear the claim.

"The *Rooker-Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005) (internal quotation marks and citation omitted).

Meranelli's Complaint principally alleges that, in denying her second requested name change, Judge Hylden has provided her inadequate medical care. Though Meranelli argues her claim is not an attempt to appeal that state court decision, her Complaint strongly suggests otherwise. Meranelli's Complaint alleges a constitutional right to a name change, referencing the same Minnesota felony name change statute the state courts used to deny her claim. Her prayer for relief, though, is an injunction against Judge Hylden that would force him to grant the name change and/or allow her to proceed in forma pauperis in state court—precisely the issues already decided by the state courts. *See Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995) ("*Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its ruling."). Meranelli cannot avoid *Rooker-Feldman* simply by recharacterizing an appeal as a new federal claim. *See Rued v. Hatcher*, No. 23-2685, 2023 WL 10409535, at *2 (D. Minn. Sept. 7, 2023) ("[Plaintiffs] do not describe this action as an appeal, but that is what it is."); *cf. Bechtold v. City of Rosemount*,

104 F.3d 1062, 1065 (8th Cir. 1997) ("[A] litigant cannot circumvent *Rooker-Feldman* by recasting his or her lawsuit as a § 1983 action.").

If Meranelli is unsatisfied with the state court's decision, she must follow the proper channels: she may appeal first to the Minnesota Court of Appeals, then the Minnesota Supreme Court, and then to the United States Supreme Court. Because Meranelli instead chose to file her de facto appeal of a state court decision directly in federal district court, the Court cannot consider her claims and will dismiss the Complaint without prejudice.

### B. Sovereign Immunity

Even if the Court had jurisdiction, Meranelli's claim would fail because Judge Hylden and the State of Minnesota are entitled to sovereign immunity.

"Generally, States are immune from suit under the terms of the Eleventh Amendment and the doctrine of sovereign immunity." *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021). A "narrow exception . . . allows certain private parties to seek judicial orders in federal court preventing state executive officials from enforcing state laws that are contrary to federal law." *Id.* (discussing the exception from *Ex parte Young*, 209 U.S. 123, 163 (1908)). But that exception "does not normally permit federal courts to issue injunctions against state-court judges or clerks." *Id.* Rather, "the traditional remedy has been some form of appeal" of the state court decision. *Id.* Still, the Eighth Circuit has acknowledged that the Eleventh Amendment is not an absolute bar

to suits against members of a state judiciary. *Courthouse News Serv. v. Gilmer*, 48 F.4th 908, 913 (8th Cir. 2022). When members of a state judiciary act like an executive official, for example through administrative functions, those individuals may be "subject to suit under *Ex parte Young*." *Id.* at 912 (citing *Kodiak Oil & Gas (USA) Inc. v. Burr*, 932 F.3d 1123, 1131–32 (8th Cir. 2019)).

Discussing the difference between *Whole Woman's Health* and *Courthouse News Service* helps illustrate the spectrum of cases that stretch across sovereign immunity cases.

In *Whole Woman's Health*, the Supreme Court decided that a federal court could not enjoin state-court clerks from placing civil abortion cases on the docket under Texas's Heartbeat Act, nor state judges from hearing those cases. 595 U.S. at 39. Sovereign immunity shielded those defendants because an injunction against them "would be a violation of the whole scheme of our government," and there were no "actual controversies arising between adverse litigants." *Id.* (quoting first *Ex parte Young*, 209 U.S. at 163 then *Muskrat v. United States*, 219 U.S. 346, 361 (1911)).

But in *Courthouse News Service*, the Eighth Circuit found that sovereign immunity did not prevent First Amendment claims against a Missouri state court clerk for failing to provide timely access to state court filings. 48 F.4th at 911–13. The Eighth Circuit determined that this case was different than *Whole Woman's Health* for a few reasons. First, unlike in *Whole Woman's Health*, the injunction would not prevent the state court

-7-

from "acting" or "exercising jurisdiction" in any case, meaning it would not "upset the whole scheme of government." *Id.* at 912 (citation modified). Instead, it would force the state court "to carry out [its] administrative duties differently." *Id.* (citation modified). Second, the action against the Missouri clerks could not be appealed in the state court system in the usual way. *Id.* Finally, unlike in *Whole Woman's Health*, the case against the Missouri clerks had all the hallmarks of true adversity between parties rather than centering "the merits of any underlying lawsuit." *Id.* at 913.

Overall, this case does not resemble the type of case against state judges that *Courthouse News Service* contemplates could survive an Eleventh Amendment defense. Meranelli is asking the Court to interfere directly with state judicial decision-making, the traditional state court appellate process is available in this case, and this case is much more about the merits of the name change decision than it is about real adversity with Judge Hylden and other judicial defendants. Rather, the Court's review on the merits of this state court decision is precisely the kind of improper intervention that would undermine the federalist structure contemplated by the Framers in building our Constitution.

Accordingly, the Court finds that Judge Hylden and the various unnamed judicial defendants are entitled to sovereign immunity, so the Court must dismiss this case without prejudice.

**CONCLUSION**

The Court stresses to Meranelli that in rendering the decision it does today, it does not opine on the merits of the underlying state court decision to deny her legal name change. It very well may be that her petition had merit and that the state court erred in denying it. However, the Constitution and Supreme Court precedent require Meranelli to follow a particular appellate route through the judicial process. She must first appeal the decision to the Minnesota Court of Appeals, then to the Minnesota Supreme Court, and then to the United States Supreme Court.

The Court cannot provide Meranelli the relief she seeks because of the *Rooker-Feldman* Doctrine and Defendants' sovereign immunity. So the Court will overrule Meranelli's objections, adopt the Magistrate Judge's R&R, and dismiss the Complaint without prejudice.[4]

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections [Docket No. 45] to the Report and Recommendation are **OVERRULED**;

---

[4] On either ground, the Court's dismissal is without prejudice. *See Hart v. United States*, 630 F.3d 1085, 1091 (8th Cir. 2011) (noting dismissal for lack of subject matter jurisdiction and dismissal on grounds of sovereign immunity are both without prejudice).

2. The Magistrate Judge's Report and Recommendation [Docket No. 44] is **ADOPTED**;

3. Defendant Hylden's Motion to Dismiss [Docket No. 10] is **GRANTED**; and

4. The Complaint [Docket No. 1] is **DISMISSED** without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

DATED: July 21, 2025
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge